IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHNNY LACY, JR. and WILLIAM LEDFORD,

                 Plaintiffs,

  v.                                                                OPINION and ORDER

SONYA ANDERSON, SANDRA MCARDLE,                                  20-cv-1014-jdp
KENNETH MILLER, JAMES PATTERSON, and
JOLINDA WATERMAN,

                Defendants.[1]

Plaintiffs Johnny Lacy, Jr. and William Ledford are proceeding on claims challenging the medical care they received in prison. Both plaintiffs are represented by counsel. Plaintiffs move to compel defendant Sandra McArdle to respond to their interrogatories and requests for production. Dkt. 38. Plaintiffs also ask for their expenses in bringing the motion and to prohibit McArdle from raising any objections to the discovery requests.

In her response, McArdle acknowledges that she failed to comply with plaintiffs' requests. But she says that she had good cause for the delay, she has complied with the requests now, and plaintiffs weren't prejudiced, so plaintiff's motion should be denied.

For the reasons explained below, the court will grant plaintiffs' request for reasonable expenses, but the motion will otherwise be denied. The court will also give McArdle an opportunity to respond to the new issues that plaintiffs raised in their reply brief.

---

[1] The court has amended the caption to include the defendants' full names as reflected in their answers to the complaint.

ANALYSIS

McArdle's first objection to plaintiffs' motion is that plaintiffs didn't comply with the requirement in Federal Rule of Civil Procedure 37(a)(1) to attempt to confer with her in good faith before filing a motion to compel. McArdle acknowledges that plaintiffs' counsel sent her counsel an email approximately one month after her responses were due and approximately two weeks before plaintiffs filed their motion. The email reminded defense counsel of the discovery requests, noted that they were served on September 15, and asked counsel to respond. Dkt. 39-4. McArdle also acknowledges that her counsel didn't respond to the email. But she says that she "do[es] not believe the true spirit of the 'meet and confer' requirement [is] satisfied by sending a single email stating the responses are late." Dkt. 42, at 2.

The text of Rule 37(a)(1) doesn't require a litigant to make multiple attempts to resolve a discovery dispute before filing a motion to compel, and McArdle cites no authority to the contrary. Perhaps if McArdle had responded to plaintiffs' email and tried to make arrangements to expedite the untimely discovery responses, McArdle might have a plausible argument that plaintiffs acted prematurely by filing their motion. But McArdle's counsel simply ignored the email, and their only excuse is that the email "was inadvertently overlooked." Dkt. 42, at 2. Under those circumstances, the court concludes that plaintiffs complied with Rule 37(a)(1).

McArdle next says that plaintiffs' motion is moot because she provided discovery responses after plaintiffs filed the motion. But under Rule 37(a)(5), the general rule is that "the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" when

"requested discovery is provided after the motion was filed." There are exceptions if: (1) the movant failed to comply with Rule 37(a)(1); (2) the failure to provide discovery was "substantially justified"; or (3) an award of expenses would be otherwise "unjust."

The court has already determined that plaintiffs complied with Rule 37(a)(1), so that exception doesn't apply. McArdle doesn't expressly invoke the other two exceptions, but she says she had "good cause" for failing to respond because the lawyer responsible for responding to discovery "separated from this firm abruptly on the date the responses came due," and "[i]t was not discovered that these discovery requests had not been answered." Dkt. 42, at 2.

Neither side cites authority on point, but the general rule in this circuit is that "negligence can be excused but not justified." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020). And district courts in this circuit have held that attorney negligence doesn't qualify as substantial justification under Rule 37. *See, e.g.*, *Hoffman v. Cty. of Dewitt*, No. 15-CV-3026, 2017 WL 4466468, at *3 (C.D. Ill. Jan. 26, 2017); *McLemore v. Menard, Inc.*, No. 3:10-CV-429 JD, 2011 WL 6122746, at *2 (N.D. Ind. Nov. 8, 2011); *Borom v. Town of Merrillville*, No. 2:07 CV 98, 2008 WL 2789005, at *3 (N.D. Ind. July 17, 2008); *see also Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1343 (9th Cir. 1985) ("[S]anctions may be imposed even for negligent failure to provide discovery.").

The lawyer who left the law firm was not the only lawyer from that law firm assigned to this case. McArdle offers no justification other than oversight for counsel's failure to monitor case developments. And McArdle offers virtually no justification for her counsel's failure to respond to plaintiffs' email. Under these circumstances, the court finds that McArdle's failure to comply with plaintiffs' discovery request was not substantially justified and that awarding reasonable expenses would not be unjust.

Plaintiffs also ask the court to hold that any objections to the discovery requests are forfeited. But plaintiffs haven't shown that McArdle acted in bad faith, and the court generally prefers to decide issues on the merits rather than as a result of an attorney blunder. So the court isn't persuaded that defense counsel's conduct should prevent McArdle from raising objections.

In the alternative, plaintiffs challenge some of the objections that McArdle raised in her discovery responses. But plaintiffs raised those issues for the first time in their reply brief, so McArdle hasn't had an opportunity to respond. The court will treat plaintiffs' reply brief as a new motion to compel and set a briefing schedule.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion to compel and for sanctions, Dkt. 38, is GRANTED in part and DENIED in part. The motion to compel discovery is DENIED as moot and the request to deem as forfeited Sandra McArdle's objections to particular requests is denied. Plaintiffs' request for reasonable expenses incurred in making their motion, including attorney's fees, is granted.

2. Plaintiffs may have until January 18, 2022, to submit an itemized list of expenses to the court. McArdle may have until January 25 to respond. Plaintiffs may have until January 28 to reply. Plaintiffs should follow this court's guidelines for filing fee petitions. *See* Dkt. 26. The court will not award expenses unless plaintiffs show in their request that they made reasonable efforts to reach an agreement with McArdle on a reasonable amount of expenses.

3. Plaintiffs' reply brief, Dkt. 43, is construed as a renewed motion to compel discovery. McArdle may have until January 18, 2022, to respond. McArdle may have until January 25 to reply.

Entered January 3, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge